**24**

ROCK ISLAND MILLWORK COMPANY
and Wholesale Distributing Co.,
Appellants,

v.

HEDGES–GOUGH LUMBER COMPANY,
V. R. Gough, Margaret H. Gough, June
E. Current, Charles E. Hedges, Charles
E. Hedges and The Merchants National
Bank, Executors of the Estate of Helen
L. Hedges, Deceased, and W. D. Willer,
Appellees.

HEDGES–GOUGH LUMBER COMPANY,
Appellant,

v.

V. R. GOUGH, Margaret H. Gough, June
E. Current, Charles E. Hedges, Charles
E. Hedges and The Merchants National
Bank, Executors of the Estate of Helen
L. Hedges, Deceased, and W. D. Willer,
Appellees.

ROCK ISLAND MILLWORK COMPANY,
Wholesale Distributing Company and
Hedges-Gough Lumber Company, Ap-
pellants,

v.

V. R. GOUGH, Margaret H. Gough, June
E. Current, Charles E. Hedges, Charles
E. Hedges and The Merchants National
Bank, Executors of the Estate of Helen
L. Hedges, Deceased, and W. D. Willer,
Appellees.

Nos. 17352, 17353, 17640.

United States Court of Appeals
Eighth Circuit.

Oct. 14, 1964.

John D. Randall, Cedar Rapids, Iowa, made argument for appellants and cross-appellant Hedges-Gough Lumber Co., and filed brief.

William R. Crary, Cedar Rapids, Iowa, made argument for appellees V. R. Gough and Margaret H. Gough and filed brief with William O. Gray, Cedar Rapids, Iowa.

C. J. Lynch, Cedar Rapids, Iowa, made argument for appellees June E. Current, Charles E. Hedges, Charles E. Hedges, and Merchants Nat. Bank, executors of estate of Helen L. Hedges, deceased, and filed brief with William M. Dallas, Cedar Rapids, Iowa.

Before MATTHES, BLACKMUN and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

These are appeals from a money judgment in favor of plaintiffs, Rock Island Millwork Company (Rock Island) and Wholesale Distributing Company (Wholesale), against the corporate defendant Hedges-Gough Lumber Company,[1] and in favor of the individual defendants on plaintiffs' causes of action and in favor of the individual defendants on the corporate defendant's cross-claim.

A chronological recitation of the proceedings in the trial court will be beneficial in understanding the basis for our ultimate conclusion that diversity jurisdiction is lacking and that the judgment must be vacated.

Rock Island and Wholesale, Illinois corporations which also have their principal offices in that state, instituted this action in the United States District Court for the Northern District of Iowa. Named as defendants were Hedges-Gough, an Iowa corporation having its principal office in that state, and certain individuals, all citizens of Iowa, who were alleged to be officers and directors of Hedges-Gough.

Counts 1 and 2 of the original complaint, in identical language, averred that the defendants were indebted to plaintiff Rock Island in the amount of $12,367.12 (Count 1) and to plaintiff Wholesale in the amount of $14,834.91 (Count 2) "on account of goods sold and delivered". The complaint did not state whether the goods were sold and delivered either to the defendant corporation, the individual defendants, or to both. Upon motions of the individual defendants, the Court directed plaintiffs to allege to whom the goods were sold and delivered. Thereafter, plaintiffs amended their complaint alleging that the goods were sold and delivered either to the individual defendants as partners of Hedges-Gough Lumber Company, a co-partnership, or to Hedges-Gough, a corporation. In both the original complaint and amendments thereto, plaintiffs alleged that the individual defendants had failed to comply with the law in regard to the incorporation of Hedges-Gough; that the net worth of the corporation as shown by corporation papers was "entirely fictitious", and that as a consequence of such conduct, the individual defendants were personally liable to plaintiffs.

The attorney who filed the complaint for plaintiffs, who represented them in all proceedings in the trial court, and who represents them in this court, also appeared for defendant Hedges-Gough in the trial court and represents it in these appeals. This attorney filed an answer on behalf of Hedges-Gough admitting all of the allegations of the complaint which, of course, included the averment that the individual defendants were liable to plaintiffs for the stated amounts. The answer also alleged that by agreement of certain creditors, the corporate defendant was to be given time "within which to pay off the claims, and that it believes that the court should examine and determine whether such action is premature".

1. Hedges-Gough Lumber Company is hereinafter referred to as Hedges-Gough or corporate defendant.

The answer prayed that the "action be delayed pending the determination of the cross-claim filed herein by this defendant against the individual defendants".

On the day of the filing of its answer to the complaint, the corporate defendant filed a cross-claim against the individual defendants, seeking among other relief a judgment: (1) requiring the individual defendants to make an accounting; (2) requiring defendants Charles E. Hedges and V. R. Gough to pay to Hedges-Gough the sum of $30,000.00 alleged to have been wrongfully paid to them; (3) and that the amount paid by the individual defendants to Hedges-Gough under the court's order be used to pay plaintiffs, and other creditors of Hedges-Gough. Hedges-Gough predicated its claims against the individuals upon the same averments which formed the basis for plaintiffs' cause of action against the individuals, however, additional acts of mismanagement were pleaded in the cross-claim.

All of the individual defendants filed motions to dismiss the complaint and the cross-claim for failure to state claims upon which relief could be granted. The trial court filed an opinion on April 11, 1963, demonstrating why the motions to dismiss should be granted and on February 6, 1964, the court's judgment was entered in favor of Rock Island and Wholesale against Hedges-Gough for the amounts sued for; dismissing plaintiffs' complaint against all individual defendants; and dismissing the cross-claim.[2] From this judgment plaintiffs and Hedges-Gough have appealed.[3]

Although it is apparent that the trial judge entertained grave doubts as to the court's jurisdiction of the subject matter, the judge proceeded to adjudicate the controversies on the merits.[4]

None of the parties directly raised in this court the question of jurisdiction, but appellees V. R. Gough and Margaret H. Gough suggest in their brief that the plaintiff Illinois corporations controlled Hedges-Gough, the Iowa corporation; that there was no controversy between plaintiffs and Hedges-Gough, and that the individuals were joined as defendants for the purpose of enabling Hedges-Gough to seek an accounting from the individuals by way of a cross-claim. Upon oral argument all attorneys seemingly were aware of a serious jurisdictional question, indeed counsel for plaintiffs and Hedges-Gough, the appealing parties, suggested lack of jurisdiction and that we should consider vacating the judgment and remanding the cause with directions to dismiss.

▆ The threshold inquiry in every federal case is whether the court has jurisdiction and we have admonished district judges to be attentive to a satis-

2. Although judgment was not entered following the filing of the opinion, plaintiffs and corporate defendant nevertheless appealed to this court. On November 19, 1963, when appeals were set for hearing, we noticed sua sponte lack of jurisdiction because of no appealable judgment. Thereafter on February 6, the district court entered the judgment which is the subject of these appeals.

3. Three separate notices of appeal were filed by the same attorney: one on behalf of Hedges-Gough, one on behalf of plaintiffs and one on behalf of plaintiffs and Hedges-Gough. This accounts for the three appeals as shown in the caption.

4. In the concluding paragraph of the District Court's opinion the court stated: "By thus arriving at its decision, it is not necessary for the court to rule on the questions of collusive joinder under Title 28 U.S.C.A. § 1359, realignment of parties and what is an indispensable party. * * *" After the opinion was filed, the attorney who represented plaintiffs and the corporate defendant sought leave to further amend the plaintiffs' complaint and the cross-claim. In the hearing on the application for leave to amend, the court in addressing the attorney stated: "You may have a good cause of action between the [defendant] corporation and the stock holders but * * * I have very serious doubts whether it belongs in Federal Court. * * * but in any event, it would appear that the interest of the defendant corporation" and plaintiffs "were identical; that they should have been realigned as parties-plaintiff which destroys diversity of citizenship and dismisses the case in any event."

faction of jurisdictional requirements in all cases. National Farmers Union Property and Casualty Co. v. Fisher, 8 Cir., 284 F.2d 421, 423 (1960); Texaco Cities Service Pipe Line Co. v. Aetna Casualty & Surety Co., 8 Cir., 283 F.2d 144 (1960); Employers Casualty Co. v. Kline Oldsmobile, Inc., D.Minn., 210 F. Supp. 269, 270 (1962). Lack of jurisdiction of the subject matter of litigation cannot be waived by the parties or ignored by the court. Kern v. Standard Oil Co., 8 Cir., 228 F.2d 699, 701 (1956); United States v. Mississippi Valley Barge Line Co., 8 Cir., 285 F.2d 381, 387 (1960). If jurisdiction is lacking the trial court should, on its own motion, decline to proceed in the case, and if the court tries a case where jurisdiction is lacking the jurisdiction of the appellate court on review is limited to correcting the error of the trial court in entertaining the action. United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263 (1936); Kern v. Standard Oil Company, supra. The appellate court must satisfy itself not only of its own jurisdiction but also of that of the district court, Fry v. Layne-Western Company, 8 Cir., 282 F.2d 97, 99 (1960); Russell v. New Amsterdam Casualty Co., 8 Cir., 303 F.2d 674, 681 (1962).

■ As initially indicated the alleged basis for federal jurisdiction is diversity of citizenship, (Illinois citizens as plaintiffs and Iowa citizens as defendants). However, the designation of parties as plaintiff or defendant in the complaint is not necessarily controlling in determining jurisdiction. The test to be applied was enunciated by the Supreme Court in City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69–70, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941) as follows:

"* * * To sustain diversity jurisdiction there must exist an 'actual', * * * 'substantial' * * * controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side. * * * Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. *It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute'.* * * * Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary 'collision of interests' * * * exists, is therefore not to be determined by mechanical rules. *It must be ascertained from the 'principal purpose of the suit', * * * and the 'primary and controlling matter in dispute'.* * * * These familiar doctrines governing the alignment of parties for purposes of determining diversity of citizenship have consistently guided the lower federal courts and this Court." (Emphasis supplied.)

■ From our examination of the record in light of the foregoing legal principles, it is abundantly clear that the real and only controversy in this case is between the plaintiffs and the corporate defendant on the one hand and the individual defendants on the other. The common objective of plaintiffs and the corporate defendant was to obtain a judgment against the individual defendants for the amounts due plaintiffs; additionally the corporate defendant sought a judgment compelling the individual defendants to make an accounting to it, and to pay the amount found to be due from the individuals. This conclusion finds support in these circumstances: (1) the attempt by plaintiffs to allege a cause of action against the individual defendants and to recover a judgment against them in the amount sued for; (2) the representation of plaintiffs and the corporate defendant by the same attorney; (3) the admission by the corporate defendant of the allegations of the complaint directed against the individuals; (4) the attempt by the corporate defendant,

through its cross-claim, to cause a judgment to be rendered in favor of plaintiffs and against the individual defendants.

In summary, since the record convincingly demonstrates the existence of a community of interest between plaintiffs and the corporate defendant, the trial court should have realigned the parties by designating Hedges-Gough as a party-plaintiff. This realignment destroys diversity of citizenship and federal jurisdiction.

Accordingly, the judgment is vacated and the causes are remanded to the district court with directions to dismiss the action for lack of jurisdiction.