Terry Wayne **SANDERS**, Appellant,

v.

**CLEMCO INDUSTRIES,**
**Ingersoll-Rand, Inc., Appellees.**

No. 86–1325.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1986.
Decided July 7, 1987.

---

James M. Martin, St. Louis, Mo., for Sanders.

Thomas M. Kendrick, St. Louis, Mo., for Clemco Industries.

Mark Lawson, St. Louis, Mo., for Ingersoll-Rand, Inc.

Before McMILLIAN and ARNOLD, Circuit Judges, and HUNTER,[*] Senior District Judge.

McMILLIAN, Circuit Judge.

Terry Wayne Sanders appeals from a final judgment entered in the District Court for the Eastern District of Missouri dismissing this personal injury action for lack of jurisdiction. The district court dismissed Sanders's complaint for failure to properly plead diversity jurisdiction. For reversal, Sanders contends the district court abused its discretion in denying his motion for leave to amend the complaint to correct its deficiency. For the reasons discussed below, we reverse the judgment of

dismissal and remand the case to the district court for further proceedings.

Sanders originally filed this action in state court against Clemco Industries (Clemco) and Ingersoll-Rand, Inc. (Ingersoll) on September 29, 1983. On the petition of Ingersoll, the case was removed to federal district court in February 1984, on the basis of diversity jurisdiction. Sanders voluntarily dismissed the action without prejudice on October 15, 1984, because he was unable to obtain service of process on Clemco.

Sanders refiled the action in federal district court on August 13, 1985. Service on both defendants was promptly obtained. Sanders's complaint alleges diversity jurisdiction, but fails to conform with the pleading requirements for diversity jurisdiction.[1] The complaint as presently drafted states that Sanders is a resident of the State of Missouri, but fails to allege his state of citizenship. The complaint further omits to state the principal places of business of Clemco or Ingersoll, merely stating that each corporation does business in the State of Missouri and identifying each corporation's state of incorporation.[2]

Both Clemco and Ingersoll answered the complaint. Clemco then filed a motion for summary judgment, contending that the applicable statute of limitation had run and Sanders's action was thus barred. Sanders filed a response to Clemco's motion for summary judgment.

---

[*] The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri, sitting by designation.

[1.] In this action, Sanders is required to plead (1) an amount in controversy in excess of $10,000 and (2) that the parties are citizens of different states. 28 U.S.C. § 1332. A corporation is deemed a citizen of the state where it is incorporated *and* of the state where it has its principal place of business. *Id.*

[2.] Sanders's complaint specifically alleges, in relevant part:
1. That plaintiff is and was at all times mentioned herein a resident of the City of St. Louis, State of Missouri.
2. That defendant, Clemco Industries, ... is and at all times mentioned herein was a corporation or business duly organized and existing under and by virtue of the laws of the State of California, and was doing business in the State of Missouri.
    *   *   *   *   *   *
4. That defendant, Ingersoll-Rand, ... is and at all times herein mentioned was a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, and licensed to and engaging in business in the State of Missouri, having designated C.T. Corporation Systems as its Registered Agent.
    *   *   *   *   *   *
6. That the matter in controversy, as hereinafter described, exceeds the sum of Ten Thousand Dollars ($10,000.00), exclusive of interest and costs, and that the jurisdiction of the Court is, therefore, invoked pursuant to 28 USC, Section 1332.

The district court did not rule on the summary judgment motion. Instead, on February 14, 1986, the district court dismissed Sanders's complaint *sua sponte* for lack of jurisdiction. The district court order stated that the pleadings were insufficient to establish diversity jurisdiction because the complaint alleged only the residency, not the citizenship, of Sanders, and only the state of organization of the corporate defendants, not their principal places of business. Sanders filed a motion to amend the judgment to allow for amendment of the complaint. The district court denied the motion. Sanders now appeals.

Sanders contends the jurisdictional defects in the pleadings are merely technical and may easily be cured by amendment of the complaint. He argues that granting leave to amend would not prejudice Clemco and Ingersoll, but that denying him leave to amend would result in substantial injustice. If this second dismissal of his action is upheld, Sanders may be denied a legal remedy under Fed.R.Civ.P. 41(a)(1).[3] Clemco and Ingersoll respond that amendment should not be allowed in this case. They argue that Sanders unduly delayed in refiling the current action and they claim they will be unfairly prejudiced if required to defend against a claim that was voluntarily dismissed almost a year before.

The Federal Rules of Civil Procedure provide that amendment of pleadings is to be liberally permitted:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. *Otherwise a party may amend his pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*

Fed.R.Civ.P. 15(a) (emphasis added). *See, e.g., Foman v. Davis,* 371 U.S. 178, 83 S.Ct.

227, 9 L.Ed.2d 222 (1962) (Rule 15(a) mandates that leave to amend be freely given when justice requires, giving plaintiff an opportunity to test claims on the merits). Under this policy, only limited circumstances justify a district court's refusal to grant leave to amend pleadings: undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party. *Id.* at 182, 83 S.Ct. at 230. This court will review the district court's refusal to grant leave to amend under the abuse of discretion standard. *Norbeck v. Davenport Community School District,* 545 F.2d 63, 70 (8th Cir. 1976), *cert. denied,* 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977).

■ The district court was careful in this case to ascertain at the outset whether jurisdiction had been established. The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases. *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.,* 337 F.2d 24, 26–27 (8th Cir.1964). We agree with the district court that the pleadings in the present case do not establish diversity jurisdiction. The complaint states Sanders's residency, but not his citizenship. Diversity jurisdiction requires that the parties be *"citizens* of different States." 28 U.S.C. § 1332(a)(1) (emphasis added). Further, the complaint fails to state the principal places of business of the corporate parties. "In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation *and* its principal place of business. Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." *Joiner v. Diamond M Drilling Co.,* 677 F.2d 1035, 1039 (5th Cir.1982) (emphasis in original).

■ We conclude, however, that the district court's refusal to permit amendment of the complaint to correct these defects

---

**3.** Fed.R.Civ.P. 41(a)(1) provides, in relevant part: "[A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

was not in keeping with the liberal amendment policy of Fed.R.Civ.P. 15(a) and constituted abuse of discretion. The district court gave no reasons for its refusal to grant Sanders leave to amend. Ingersoll and Clemco contend on appeal that Sanders engaged in inexcusable delay and lack of diligence in this case, resulting in unfair prejudice to them. They point out that Sanders voluntarily dismissed his first complaint for failure to obtain service of process on Clemco. That initial complaint was filed only one day before the five-year statute of limitations governing the action ran out. The case was then refiled almost a year later. Requiring them to again defend against this claim would be unfair, the corporate defendants insist.

We have held that delay alone is not reason in and of itself to deny leave to amend. *Buder v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 694 (8th Cir.1981) (*Buder*). The delay must have resulted in unfair prejudice to the party opposing amendment. *Mercantile Trust Co. National Ass'n v. Inland Marine Products Corp.,* 542 F.2d 1010, 1012 (8th Cir.1976). The burden of proof of prejudice is on the party opposing amendment. *Beeck v. Aquaslide 'N' Dive Corp.,* 562 F.2d 537, 540 (8th Cir.1977).

Clemco and Ingersoll cannot point to any specific way in which they would be prejudiced if Sanders is permitted to amend the complaint. In *Buder* this court found it was an abuse of discretion to deny amendment where no significant prejudice to the opposing party was shown by the plaintiff's two and one-half year delay between filing the complaint and filing the motion to amend. 644 F.2d at 695. By contrast, the present case involves less than a one-year delay. In *Buder,* we also found that there was no prejudice in allowing an amended complaint where the amended claims were substantially similar to those asserted in the original complaint. *Id.* at 694. The amendment Sanders seeks would not alter the claims originally asserted in any way,

thus no additional burden of defense would fall on Clemco and Ingersoll. Based on these facts, it is our view that the allegations of substantial prejudice by Clemco and Ingersoll merely reiterate the fact that Sanders delayed somewhat in filing and then refiling this action. As we have said, however, mere delay is not by itself enough to justify denial of leave to amend. *Id.* We conclude that Clemco and Ingersoll have failed to meet their burden of showing significant prejudice. The district court therefore abused its discretion in dismissing the case rather than granting the motion for leave to amend the complaint or the motion to amend the judgment of dismissal to permit such amendment.[4] We reverse the judgment of the district court.

Clemco and Ingersoll urge this court to affirm the dismissal on the alternative ground that Sanders's action is barred by the statute of limitations. The issue of whether the action was barred by the statute of limitations was pending before the district court in the form of a motion for summary judgment filed by Clemco at the time the district court dismissed the action on jurisdictional grounds.[5]

As a federal appellate court, we generally do not consider issues not decided by the district court. *See Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941) (*Hormel*). Depending on the facts of an individual case, however, this court has the discretion to consider an issue for the first time on appeal. *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). Circumstances that will justify an appeals court in resolving an issue not ruled on first by the district court include those cases where the proper resolution is beyond any doubt, *see Turner v. City of Memphis,* 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962), or "where injustice might otherwise result." *Hormel,* 312 U.S.

---

4. The district court entered a judgment of dismissal in this case. Sanders filed a timely motion in district court to amend the judgment, as required by Fed.R.Civ.P. 59(e).

5. Ingersoll and Clemco had raised the defense of statute of limitations in their answers.

at 557, 61 S.Ct. at 721.[6] We ordered supplemental briefing and argument on the statute of limitations issue in this appeal. Clemco and Ingersoll submitted timely supplemental briefs on the issue. Sanders also submitted a supplemental brief, but the brief was untimely filed. Sanders has made a motion to receive the brief into the record on appeal even though not timely filed. We reserved ruling on the motion until the time of deciding the appeal.

The statute of limitations issue in the present case revolves around the factual question of whether Sanders acted with due diligence in seeking to obtain service of process on Clemco.[7] There are insufficient facts in the record to determine this pivotal question and we are unable, therefore, to decide the statute of limitations issue here. We remand the case instead to the district court and direct the district court to make factual findings and conclusions of law and to rule on the motion for summary judgment. As a collateral matter, Sanders's untimely supplemental brief is not received into the record and the pending motion relating thereto is denied.

Accordingly, the judgment of dismissal of the district court is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

---

6. These examples are not intended to be exclusive. *Singleton v. Wulff*, 428 U.S. 106, 121 n. 8, 96 S.Ct. 2868, 2877 n. 8, 49 L.Ed.2d 826 (1976).

7. The applicable statute of limitations in a products liability case arising in Missouri, Mo. Rev. Stat. § 516.120(4), sets a five-year period of limitation for bringing such a cause of action. Sanders filed his original action on September 29, 1983, one day before the expiration of the five-year limitation period. Sanders failed to obtain service of process on Clemco, however, and voluntarily dismissed the case. Missouri has a "savings statute," Mo.Rev.Stat. § 516.230, which tolls the applicable statute of limitations for one year following a voluntary dismissal. Due diligence in obtaining service of process is required to invoke the savings statute. *Tanner v. Presidents-First Lady Spa, Inc.,* 345 F.Supp. 950, 960 (E.D.Mo.1972) (interpreting Missouri law). Sanders refiled the current action within the one-year period, on August 13, 1985, obtaining service of process on both Clemco and Ingersoll shortly thereafter. The main point of contention in determining the statute of limitations issue, therefore, is whether Sanders exercised due diligence in attempting to serve process on Clemco so as to toll the statute of limitations under state law.