Rudy A. PULIDO; Walter H. Baird; Glenn G. Moore; Jim S. Noel; Loren L. Reynolds; John M. Swomley, Jr.; G. Hugh Wamble; James A. White; Roy E. Willey; Geneva Dalton; Lakisa Dalton, a minor; Mashawn Dalton, a minor; Nicole Dalton, a minor; Siobhan Dalton, a minor; Anthony Fuqua, a minor; Trana Fuqua, a minor; Rickey Fuqua, a minor, said minors appearing by Geneva Dalton, as next friend; and Benny Gooden, Appellees,

v.

William J. BENNETT, individually and as Secretary of the United States Department of Education; and United States Department of Education, Appellants,

Ronald Jones, et al., Intervenor,

and

Blue Hills Homes Corporation, a Missouri non-profit corporation.

Rudy A. PULIDO; Walter H. Baird; Glenn G. Moore; Jim S. Noel; Loren L. Reynolds; John M. Swomley, Jr.; G. Hugh Wamble; James A. White; Roy E. Willey; Geneva Dalton; Lakisa Dalton, a minor, Mashawn Dalton, a minor; Nicole Dalton, a minor; Siobhan Dalton, a minor; Anthony Fuqua, a minor; Trana Fuqua, a minor; Rickey Fuqua, a minor, said minors appearing by Geneva Dalton, as next friend; and Dr. Benny Gooden, as next friend for his minor son, Appellants,

v.

William J. BENNETT, individually and as Secretary of the United States Department of Education; and United States Department of Education; and Blue Hills Homes Corporation, Appellees,

Ronald Jones; Theresa Jones; Grace Moorning; William Grahl; Julia Ann Grahl; Dwayne Johnson; Daniel Hof and Linda Hof; Pamela Joan Brobst; Linda Johnson, Appellees.

Nos. 86–1795, 87–1228.

United States Court of Appeals, Eighth Circuit.

Oct. 18, 1988.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

## ORDER

JOHN R. GIBSON, Circuit Judge.

Following the issuance of our opinion in this case on June 2, 1988, 848 F.2d 880, a timely motion for rehearing was filed by the appellants. We called for responses, and while the motion for rehearing was pending before the court, the Supreme Court issued its decision in *Bowen v. Kendrick*, —— U.S. ——, 108 S.Ct. 2562, 101 L.Ed.2d 520 (1988). In our earlier opinion we denied federal taxpayer standing to appellees Pulido, Gooden, and Dalton, who sought to argue that executive implementation of a congressional spending program violated the establishment clause. We based our reasoning on *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), and *Valley Forge Christian College*

**297**

*v. Americans United For Separation of Church and State*, 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Now, in light of *Kendrick*, we are convinced that our earlier decision must be modified with regard to this standing issue.

Our earlier rejection of taxpayer standing was based on a reading of *Flast* and *Valley Forge* that distinguished between congressional and executive action. We felt that executive power "arguably authorized" by statute did not establish a sufficient nexus between federal taxpayer status and Congress' Article I taxing and spending power. Since we agreed with the district court that the questioned action was executive in nature, we upheld that court's ruling denying standing.

However, the Supreme Court's decision in *Kendrick*, handed down twenty-seven days after our original ruling, makes clear that federal taxpayers do have standing to raise establishment clause challenges to executive administration of congressional spending programs. *Id.*, 108 S.Ct. at 2579.

*Kendrick* involved a taxpayer challenge to grants made by the Secretary of Health and Human Services in administering the Adolescent Family Life Act (AFLA), Pub.L. 97-35, 95 Stat. 578 (codified as amended at 42 U.S.C. §§ 300z—300z-10 (1982 & Supp. III 1985)). *Kendrick*, 108 S.Ct. at 2566. In ruling that federal taxpayers had standing to challenge the statute as applied, the Supreme Court rejected our executive/congressional action distinction, observing that "[t]he AFLA is at heart a program of disbursement of funds pursuant to Congress' taxing and spending powers," and "appellees' claims call into question how the funds authorized by Congress are being disbursed pursuant to the AFLA statutory mandate." *Id.* at 2580. The Court concluded "there is thus a sufficient nexus between the taxpayer's standing as a taxpayer and the congressional exercise of taxing and spending power, notwithstanding the role the Secretary plays in administering the statute." *Id.* (footnote omitted).

The taxpayer's claims in this case are analogous to those involved in *Kendrick*.

Here the taxpayers challenge the Secretary's method of disbursing congressionally authorized funds to the Blue Hills Homes Corporation (BHHC), and the guidelines the Secretary has issued regarding the BHHC's use of these funds to provide Chapter I services to parochial school students. Compare *Kendrick,* 108 S.Ct. at 2569, 2580–81. The Department of Education has attempted to distinguish *Kendrick* by arguing that the AFLA sets forth more specific grant criteria than does Chapter I, creating a more direct nexus between the taxpayers' claims and the challenged statute than we have in this case. The Department additionally argues that the taxpayers here have not shown they suffered an actual injury as a result of the Department's actions. Each of these arguments is without merit.

First, the statutory criteria governing the Secretary's administration of Chapter I, while fewer in number, are comparable in specificity to the provisions of the AFLA. *Compare Kendrick,* 108 S.Ct. at 2566, *with* 20 U.S.C. § 3806(b) (incorporating the requirements of 20 U.S.C. §§ 3804(c), 3805(b)(1), (2), (3) and (4), 3806(a), and 3807(b)). Both statutes leave the administrator discretion to define exactly what types of services will be provided. *See Kendrick,* 108 S.Ct. at 2566; 20 U.S.C. § 3806(a). Second, there is no question that the taxpayers have alleged actual injury resulting from the arrangements the Secretary has made under 29 U.S.C. § 3806(b) for the public funding and delivery of Chapter I services to parochial school students. *See generally Aquilar v. Felton,* 473 U.S. 402, 105 S.Ct. 3232, 87 L.Ed.2d 290 (1985). Whether their claims have merit is, of course, an issue which can only be addressed at trial.

We hold that under *Bowen v. Kendrick* federal taxpayers have standing to challenge the Department of Education's implementation of Chapter I. Accordingly, we modify our earlier decision and reverse the order of the district court denying Pulido, Gooden, and Dalton federal taxpayer standing. Our reversal of the order denying Secretary Bennett qualified immunity remains unchanged.

The judgment of the district court is affirmed in all other respects. We remand for further proceedings.