**Martin LeRoy REDMAN**

v.

**FEDERAL AVIATION ADMINISTRATION.**

Civ. No. 4-91-58.

United States District Court, D. Minnesota, Fourth Division.

March 21, 1991.

---

Donald Chance Mark, Jr. and Carrie Polowitz, Meagher & Geer, Minneapolis, Minn., for plaintiff.

Robert M. Small, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on plaintiff's motion for preliminary injunction, pursuant to Rule 65, Federal Rules of Civil Procedure. A hearing was held on March 5, 1991, at William Mitchell College of Law. The Court finds that it may not consider the requested relief as this Court is without subject matter jurisdiction.

*Background*

Plaintiff's Airline Transport Pilot (ATP) Certificate was revoked by emergency order of the Administrator of the Federal Aviation Administration (FAA), on September 11, 1990, pursuant to the Federal Aviation Act, 49 U.S.C.App. § 1429(a).[1]  That

---

1. Section 1429(a) provides in pertinent part:
The Administrator may, from time to time ... reexamine any civil airman. If, as a result of any such ... reexamination, or if, as a result of any other investigation made by the Administrator, he determines that safety in air commerce or air transportation and the public interest requires, the Administrator may issue an order amending, modifying, suspending, or revoking, in whole or in part, any ...

revocation was based upon a series of discrete events. The FAA charged that plaintiff flew without a required medical certificate on several occasions, that plaintiff flew his private plane below 100 feet over a crowd of people in January, 1990, that plaintiff refused to furnish his pilot logbook to the FAA on request, and that plaintiff caused the crash of his aircraft as a result of fuel exhaustion in August, 1990.

Plaintiff has contested the revocation by pursuing his administrative appeals as provided by § 1429 and the National Transportation Safety Board (NTSB) Rules of Practice in Air Safety Proceedings, 49 C.F.R. § 821, *et seq.* Plaintiff's initial hearing was held before an NTSB administrative law judge (ALJ), on October 9 and 10, 1990. *See* 49 C.F.R. § 821.56. The ALJ found the administrator had proven all of the charges lodged against plaintiff, excepting only two occasions of flying without medical certificate. The ALJ modified the administrator's revocation and directed a nine month suspension of plaintiff's ATP certificate.[2] Plaintiff did not appeal the ALJ's decision to the full board within the two day time period provided by NTSB Rules. *Id.* at § 821.57.

### The Present Proceeding

On January 23, 1991, plaintiff filed a motion with the NTSB for rehearing before the ALJ, claiming that an FAA inspector gave false testimony at the initial hearing.[3]

On the same day as he sought this rehearing, plaintiff filed this cause in the United States District Court. Plaintiff asserts that the existence of a federal question confers jurisdiction on this Court under 28 U.S.C. § 1331 and under the Administrative Procedure Act, 5 U.S.C. § 702. In his district court complaint plaintiff asks this Court to enjoin defendant from enforcing the ALJ's suspension of his ATP certificate and to immediately reinstate plaintiff's ATP certificate pending the outcome of his petition for rehearing before the NTSB.

In this Court, as in his request for an administrative rehearing, plaintiff contends that the FAA inspector testified falsely concerning a carburetor disassembly. Plaintiff then suggests that carburetor failure rather than fuel mismanagement may have caused the crash. According to plaintiff, absent the "false testimony," he would not have been subjected to the nine month ATP certificate suspension. Plaintiff claims this "perjury" to be newly discovered evidence.

On the day of the argument of this motion, the NTSB denied plaintiff's request for a rehearing.[4,5] The Court notes that even if the charge of fuel mismanagement were negated by plaintiff's allegations of prevarication, the crash constituted only a part of the basis for the revocation; there remain serious and substantial charges, separate and apart from the crash, to sup-

---

airman certificate, air carrier operating certificate, air navigation facility certificate (including airport operating certificate), or air agency certificate.... Any person whose certificate is affected by such an order of the Administrator under this section may appeal the Administrator's order to the Board and the Board may, after notice and hearing, amend, modify, or reverse the Administrator's order if it finds that safety in air commerce or air transportation and the public interest do not require affirmation of the Administrator's order.... The person substantially affected by the Board's order may obtain judicial review of said order under the provisions of section 1006 [49 U.S.C.App. § 1486], and the Administrator shall be made a party to such proceedings.

**2.** 49 U.S.C.App. § 1429(a), does not provide for a stay of an emergency revocation pending review by the NTSB. Accordingly, plaintiff's nine month period of suspension commenced Sep-

tember 11, 1990, the day he surrendered his ATP certificate under the FAA's emergency order.

**3.** While plaintiff's motion was initially misdirected to the Office of Administrative Law Judges, it was eventually forwarded to the NTSB. *See* 49 C.F.R. § 821.14.

**4.** By letter from its General Counsel, dated March 5, 1991, the NTSB advised plaintiff that his evidence regarding the FAA witness' testimony did not, in the NTSB's view, constitute newly discovered evidence. That letter is appended to this order.

**5.** Following the hearing on his motion for preliminary injunction, plaintiff filed, on March 8, 1991, a supplemental memorandum seeking alternative relief. Plaintiff urges this Court to "interpret" the ALJ's order suspending his ATP certificate and to reinstate his commercial, instrument, and private airman's privileges.

port the ALJ's order. Apparently plaintiff does not challenge these additional charges.

Defendant replies to the instant motion by arguing that this Court lacks subject matter jurisdiction over plaintiff's action because plaintiff failed to exhaust his administrative remedies before seeking relief here, and because exclusive jurisdiction to review final NTSB decisions lies in the courts of appeals. Alternatively, defendant argues that, if this Court has subject matter jurisdiction, plaintiff is not entitled to a preliminary injunction because he is unlikely to succeed on the merits, his harm is strictly monetary, and the issuance of a preliminary injunction would cause great harm to the public.

*Discussion*

■ Subject matter jurisdiction is a threshold requirement which must be met in every federal case. *Barclay Square Properties v. Midwest Fed. Sav. and Loan,* 893 F.2d 968, 969 (8th Cir.1990) (*quoting Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)).

■ Plaintiff has been subjected to sanction pursuant to the Federal Aviation Act. In that act Congress specifically provided that judicial review of final NTSB decisions regarding suspension, revocation, or modification of airman certificates lies, by direct appeal, exclusively in the courts of appeals. 49 U.S.C.App. §§ 1486 and 1903;[6] *Gaunce v. deVincentis,* 708 F.2d 1290, 1292–93 (7th Cir.), *cert. denied,* 464 U.S. 978, 104 S.Ct. 417, 78 L.Ed.2d 354 (1983). It is thus clear from the statutory scheme that the suspension sanction is not subject to collateral attack in district court.

■ Plaintiff's jurisdictional reliance on 5 U.S.C. § 702 and 28 U.S.C. § 1331 is misplaced. The Administrative Procedure Act, standing alone, does not confer subject matter jurisdiction on a district court. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). While, under 28 U.S.C. § 1331, district courts possess general jurisdiction to review federal agency actions as "arising under the Constitution, laws, or treaties of the United States," the mandate of the exclusive appellate review route in § 1486 precludes jurisdiction under 28 U.S.C. § 1331. *See Pulido v. Bennett,* 848 F.2d 880, 886–87 (8th Cir.), *modified,* 860 F.2d 296 (8th Cir.1988) (where statute specifically provides for exclusive jurisdiction in one court, Congress' specific grant of jurisdiction takes precedence over a general grant of jurisdiction); *Southwestern Bell Tel. Co. v. Arkansas Pub. Serv. Comm'n,* 738 F.2d 901 (8th Cir.1984), *cert. granted, vacated and remanded on other grounds,* 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 973 (1986) (same). *See also Public Util. Comm'r v. Bonneville Power Admin.,* 767 F.2d 622 (9th Cir.1985); *Telecommunications Research and Action Center v. FCC,* 750 F.2d 70 (D.C.Cir.1984) (where statute commits review of final agency action to court of appeals, any suit seeking relief which might affect the circuit court's future jurisdiction is subject to the exclusive review of the court of appeals).

■ This Court is also without subject matter jurisdiction with regard to plaintiff's late-requested alternative of an "interpretation" of the ALJ's order. All issues pertaining to the validity of the ATP certificate revocation, including questions pertaining to its scope, must be raised within the statutory framework: submitted first to the appropriate administrative body, and then presented for judicial scrutiny, exclusively to the court of appeals. 49 U.S.A.App. §§ 1429, 1486.[7]

---

6. Section 1486(a) provides:
   Any order, affirmative or negative, issued by the Board or Administrator under this Act, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 801 of this Act[,] shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia....

Section 1903(d) provides:
   Any order, affirmative or negative, issued by the Board under this title shall be subject to review by the appropriate court of appeals of the United States or the United States Court of Appeals for the District of Columbia....

7. The Court further notes that plaintiff's entire action appears to have been made moot by the NTSB decision, dated March 5, 1991. His dis-

Congress has made explicit its intent to confine suits pertaining to FAA modification of airman certificates to the courts of appeals. Whatever the merits of plaintiff's claims, they do not amend the review procedures of § 1486. Plaintiff's claims can be addressed adequately in the court of appeals, upon which Congress has conferred the power to grant or deny his requested relief. 49 U.S.C.App. § 1486(d).[8]

Based upon the files, records, and proceedings herein, IT IS ORDERED that:

This case is dismissed for lack of subject matter jurisdiction.

---

trict court complaint seeks an injunction pending an NTSB ruling on his petition for a rehearing. That determination has now been made. His relief from the final decision, if any, lies in the courts of appeals.

**8.** Section 1486(d) provides:

[T]he court [of appeals] shall have exclusive jurisdiction to affirm, modify, or set aside the order complained of, in whole or in part, and if need be, to order further proceedings by the Board or Administrator. Upon good cause shown and after reasonable notice to the Board of [sic] Administrator, interlocutory relief may be granted by stay of the order or by such mandatory or other relief as may be appropriate.

APPENDIX

## National Transportation Safety Board

Washington, D.C. 20594

Office of the General Counsel

March 5, 1991

Donald Chance Mark, Jr. Esq.
Meagher & Geer
4200 Multifoods Tower
33 South Street
Minneapolis, Minnesota 554021

Re: <u>Administrator</u> v. <u>Redman</u>,
Docket SE-11369

Dear Mr. Mark:

I am writing in response to your request for rehearing in the matter of <u>Administrator</u> v. <u>Redman</u>, Docket SE-11369. A motion for rehearing, filed under 49 C.F.R. 821.14, was initially received on January 23, 1991.[1] The motion requests rehearing on the grounds of an allegation of newly discovered evidence. Under authority delegated to me pursuant to Part 800.24 of the Board's Rules, 49 C.F.R. 800.24, to approve or disapprove requests for changes in procedural requirements subsequent to initial decisions, I am denying the request for rehearing.

The Board's rules do not provide for motions for rehearing in matters where an appeal has not been taken from the underlying initial decision. See Part 821.50(a) and 821.57(d). Consequently, your request must be considered, if at all, as a request for a departure from the procedural requirements.[2] In

---

[1] This motion was initially filed with the Board's Office of Administrative Law Judges. Rule 821.14 requires that the motion be addressed to the Board, as the time for appeal of the initial decision has expired. The motion was received by the Board on January 29, and an answer from the Administrator was received on February 9.

[2] While your motion has been filed under the section of the Board's Rules that permit motions "not otherwise provided for," motions for rehearing are specifically provided for, though with the limitation that they be confined to matters that have been appealed to the Board. As the record indicates that your client reached agreement with the Administrator not to appeal, and that in fact no appeal was taken, it is not clear that your motion is acceptable under any provision of the Rules.

judging this request, I am guided by those standards which are used to determine requests for rehearing under the provisions where an appeal had been taken. Specifically, the rules for rehearing of emergency orders requires that petitions be based solely on new matter, that the petition set forth the new matter, contain affidavits of prospective witnesses and a statement as to why such new matter could not have been discovered by the exercise of due diligence prior to appeal. Using this standard, I cannot find that your motion offers convincing reasons for a variance from the procedural post-hearing requirements set out in Part 821.

The essence of the argument presented is that an FAA witness testified to a carburetor tear-down that may not have taken place. It is maintained that carburetor failure might have caused the crash on which a part of the Administrator's order of revocation was based, and that, if so, this would negate the charge of fuel mismanagement which supported a substantial part of the Administrator's order. However, it appears from the record that the carburetor in question was in possession of the respondent for some time prior to trial, that no independent testing of the carburetor was made for use at trial, at that no attempt was made to preserve any rights of respondent with regard to the testimony of the Administrator's witness by the taking of an appeal. Therefore, I cannot conclude that the alleged new matter could not have been uncovered at the earlier appropriate times by the exercise of due diligence. Further, it also appears that the affidavits offered by respondent would not support a finding of carburetor malfunction or failure, and consequently it is not clear how the outcome of this proceeding could have been affected even if the testimony of the FAA's witness was false or in error. No challenge is made to the principal finding of fuel exhaustion, and if such a challenge were to be made, it would have been appropriate to do so by filing of a proper appeal.

Finding that good cause has not been shown for the waiver of the Board's rules, I deny your request for rehearing in this matter.

Respectfully,