_____

No. 96-1220
_____

Raymond Wahrman,                        *
                                        *
          Appellant,                    *
                                        * Appeal from the United States
     v.                                 * District Court for the
                                        * District of Nebraska
John A. Wahrman; Terry Ellinger; *
Mary Ellinger,                          *      [UNPUBLISHED]
                                        *
          Appellees.                    *

_____

          Submitted: August 7, 1996

            Filed: August 22, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


      Raymond Wahrman filed a complaint in the district court against John
Wahrman and Terry and Mary Ellinger.  He alleged that, through a partition
action in Nebraska state court, the Ellingers had fraudulently obtained
title to land in which he had an interest, and he sought recovery of the
fair value of the property.  The district court dismissed the complaint as
barred by res judicata.  Wahrman appeals.


      We must consider the issue of the district court's subject matter
jurisdiction if the record suggests it is lacking.  Yeldell v. Tutt, 913
F.2d 533, 537 (8th Cir. 1990).  We observe that the complaint did not
allege facts showing diversity jurisdiction, or identify a statutory or
constitutional basis for federal question jurisdiction.  See 28 U.S.C. §§
1331-1332; Fed. R. Civ. P. 8(a)(1) (pleading which sets forth claim for
relief shall contain short

plain statement of grounds for court's jurisdiction); <u>Luecke v. Schnucks Markets, Inc.</u>, 85 F.3d 356, 358 (8th Cir. 1996) (federal question generally must appear on face of complaint); <u>Sanders v. Clemco Indus.</u>, 823 F.2d 214, 216 (8th Cir. 1987) (pleadings must state citizenship of parties to establish diversity).

Accordingly, we vacate the district court's judgment and remand with directions to dismiss the complaint, without prejudice, for lack of subject matter jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.