**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3270EA

_____

| | | |
|---|---|---|
| Ray Antwane Higgins, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| City of Little Rock; Louie Caudell, | * | [UNPUBLISHED] |
| Chief of Police; John Does, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 19, 1998
Filed: March 26, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Ray Antwane Higgins brought this 42 U.S.C. § 1983 action against the City of Little Rock (City), police chief Louie Caudell, and a number of John Does. He claims his arrest by Little Rock police officers violated his constitutional rights, and the City and Caudell failed adequately to train and supervise the officers. The district court granted summary judgment in favor of the City and Caudell. Higgins appeals, and we affirm.

We do not believe the district court abused its discretion in denying Higgins's second and third motions to amend his complaint to reflect the true names of the John Does.  See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (standard of review).  We also conclude the district court did not abuse its discretion in deciding the matter was ripe for summary judgment, despite Higgins's plea for additional discovery.  See Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997) (standard of review; non-movant asserting need for further discovery must "show what specific facts further discovery might unveil").  Finally, the district court's grant of summary judgment was proper because Higgins's conclusory affidavits and pleadings were insufficient to withstand summary judgment.  See Fed. R. Civ. P. 56(e); City of Canton v. Harris, 489 U.S. 378, 388-90 (1989) (municipal liability for failure to train or supervise); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (individual liability for supervisor's failure to train or supervise).

Accordingly, we affirm the district court's judgment and deny as moot Higgins's motion for appointment of counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.