BYE, Circuit Judge,
dissenting.
The majority affirms the district court’s grant of summary judgment by concluding Countrywide was not a creditor within the meaning of Minnesota’s Farmer-Lender Mediation Act (FLMA). Countrywide never raised or relied upon that issue, however, in its motion for summary judgment in the district court. Nor did the district court grant summary judgment on that ground. Indeed, appellant Kathleen Mayer has never had the opportunity to address whether Countrywide qualifies as a creditor under the FLMA, because Countrywide’s status as a creditor was also never raised or addressed by the parties on appeal. I would not resolve this appeal on an issue Mayer never had the opportunity to address, and therefore respectfully dissent.
In the district court, Countrywide’s summary judgment motion focused solely on Kathleen Mayer’s status as a debtor within the meaning of the FLMA. Countrywide bore the burden of proving there were no genuine issues of material fact about whether Mayer qualified as a debtor. Countrywide failed to demonstrate such in the district court or this court. Our review of the improvident grant of summary judgment should be limited to that issue.
“Issue[s] not presented to the trial court will not be considered on appeal.” Hall v. Gus Constr. Co., 842 F.2d 1010, 1016 (8th Cir.1988); see also Johnson v. Sawyer, 120 F.3d 1307, 1316 (5th Cir.1997) (“Although we can affirm a summary judgment on grounds not relied on by the district court, those grounds must at least have been proposed or asserted in that court by the movant.”). “A litigant should not be surprised on appeal by a final decision there of issues upon which they had no opportunity to introduce evidence.” Stafford v. Ford Motor Co., 790 F.2d 702, 706 (8th Cir.1986) (citing Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941)).
We never gave Mayer notice we were considering an issue not raised in Countrywide’s motion for summary judgment, or afforded her the opportunity to present argument as to whether Countrywide qualifies as a creditor under the FLMA. When a district court grants summary judgment on a ground not raised in a summary judgment motion without giving *794 the opposing party notice and an opportunity to respond, we reverse. See Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks, 257 F.3d 859, 863 (8th Cir.2001) (“[T]he district court’s sua sponte grant of summary judgment on issues not raised in the movant’s motion for summary judgment constitutes reversible error.”); Figg v. Russell, 433 F.3d 593, 597 (8th Cir.2006) (“Sua sponte orders of summary judgment will be upheld only when the party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted.”) (internal quotation marks omitted). On appeal, we should give Mayer the same notice and opportunity to respond.
Furthermore, our discretion to consider an issue for the first time on appeal should only be exercised “where the proper resolution is beyond any doubt,” Sanders v. Clemco Indus., 823 F.2d 214, 217 (8th Cir. 1987), or where “no additional evidence or argument would affect the outcome of the case.” Universal Title Ins. Co. v. United States, 942 F.2d 1311, 1315 (8th Cir.1991). This is not such a case.
The district court held Mayer did not own enough agricultural property to qualify for the protection of the FLMA. The district court determined Mayer could not combine the acreage of two parcels of agricultural property adjacent to her residential parcel with the acreage of her residential parcel to reach the threshold amount of sixty acres required under Minn.Stat. § 583.24, subd. 2(b). The district court concluded Mayer could not add the adjacent parcels because Mayer held the adjacent properties in trust, and therefore was not the owner. That conclusion is wrong. Mayer owned the adjacent properties because the properties were held in trust and she was the trustee. See Swenson v. Nickaboine, 793 N.W.2d 738, 744 (Minn. 2011) (“It is a basic principle of trust law that a trustee holds legal title to trust property.”).
The majority skirts this obvious error by the district court and instead concludes Countrywide is not a creditor under the FLMA, even though Mayer may be a debt- or entitled to the Act’s protection. I am concerned about interpreting the FLMA in such a way that a creditor may not be subject to the Act even where the debtor qualifies for its protection, because such a conclusion seems contrary to the Act’s intent. See Minn.Stat. § 645.17 (indicating courts should presume the Minnesota “legislature does not intend a result that is absurd, impossible of execution, or unreasonable”). As Mayer noted on appeal, “in defining debtors who qualify for the protection of the FLMA, the [Minnesota] Legislature incorporated definitions from section 500.24, which sets forth a purpose of keeping families on their farms.” Appellant’s Brief at 22. See MinmStat. § 500.24, subd.l (“The legislature finds that it is in the interests of the state to encourage and protect the family farm....”).
The majority’s interpretation of the Act allows creditors to avoid application of the FLMA when the encumbered property is only the parcel on which the family farm residence is located, and not farmland. For a debtor to qualify for protection under the Act, however, not all of the debt- or’s farmland must be subject to the creditor’s mortgage; the FLMA requires only that the debtor own and lease sixty acres or more (or for smaller farms have at least $20,000 in gross sales of farm products the preceding year). Minn.Stat. § 583.24, subd. 2(b). In addition, the clear intent of the Act is to protect a certain class of debtors, among them persons who reside on a family farm. See MinmStat. §§ 583.24, subd. 2(a)(1) & 500.24, subd. *795 2(b) (defining a “family farm” as “an unincorporated farming unit owned by one or more persons residing on the farm or actively engaged in farming”) (emphasis added). The majority’s interpretation of the Act is inconsistent with this stated legislative purpose.
I cannot bring myself to adopt the majority’s interpretation of the FLMA without at least allowing the parties the opportunity to appropriately inform us on that issue. I therefore respectfully dissent.