**BARCLAY SQUARE PROPERTIES, a New Jersey limited partnership, and Brookhill Capital Resources, Inc., a New Jersey corporation, Appellees,**

v.

**MIDWEST FEDERAL SAVINGS AND LOAN ASSOCIATION OF MINNEAPOLIS, Appellant.**

No. 89–5090.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1989.

Decided Jan. 11, 1990.

William S. Borchers, Minneapolis, Minn., for appellant.

Timothy D. Kelly, Minneapolis, Minn., for appellees.

Before FAGG and BEAM, Circuit Judges, HENLEY, Senior Circuit Judge.

BEAM, Circuit Judge.

Midwest Federal appeals the district court's entry of judgment, following cross-motions for summary judgment, in favor of Barclay Square Properties on a breach of contract claim. We do not reach the merits of Midwest Federal's appeal because the jurisdictional basis, diversity of citizenship, was not properly pleaded and is not evident from the record.

## I. BACKGROUND

Barclay Square Properties sued Midwest Federal for breach of an escrow agreement. The complaint alleged subject matter jurisdiction based on diversity of citizenship and alleged the state of incorporation and the principal place of business of plaintiff Brookhill Resources and the principal place of business of the federally chartered defendant Midwest Federal. The complaint also alleged that the plaintiff Barclay Square Properties is a New Jersey limited partnership but did not allege the citizenship of each limited partner. *See* Joint Appendix at A–2. As its tenth affirmative defense, Midwest Federal asserted, without further explanation, that the court lacked subject matter jurisdiction. *Id.* at A–18.

The parties filed a statement of undisputed facts and cross-motions for summary judgment. The statement of undisputed facts did not include the citizenship of the limited partners. The district court, apparently without considering the issue of jurisdiction, granted Barclay Square Properties' motion. At the request of this court, the parties submitted supplemental briefs and other documents relating to the issue of subject matter jurisdiction.

## II. DISCUSSION

 Federal courts are courts of limited jurisdiction and the "threshold requirement in every federal case is jurisdiction." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir.1987). When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties. *Id.* When one of the parties to the

action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists. *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir.1988). Barclay Square Properties is a limited partnership, and because its complaint did not allege the citizenship of each limited partner, the pleadings were insufficient to establish diversity jurisdiction.

Before addressing the merits of an appeal, this court must determine that it has, and that the district court had, subject matter jurisdiction. *See Kern v. Standard Oil Co.*, 228 F.2d 699, 701 (8th Cir.1956). Although neither the district court nor the parties on appeal addressed the issue, the apparent lack of subject matter jurisdiction prevents us from addressing the merits of this matter.

 Barclay Square Properties requests that we find that jurisdiction existed in the district court and, thus, exists in this court and requests that we address the merits of the appeal. This court may treat the complaint as amended to properly allege diversity of citizenship and address the merits of the appeal if the record establishes that diversity actually existed in the district court. *National Farmers Union Property & Casualty Co. v. Fisher*, 284 F.2d 421, 423 (8th Cir.1960). Furthermore, this court may allow the party asserting that subject matter jurisdiction exists to amend its complaint on appeal to properly allege diversity of citizenship. *See* 28 U.S.C. § 1653 (1982); *see also Mutual Serv. Casualty Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550 (7th Cir.1988) (complaint may be amended on appeal to correct deficient diversity allegations and jurisdiction deemed proper if nothing appears to bar jurisdiction); *Fry v. Layne–Western Co.*, 282 F.2d 97, 99 (8th Cir.1960) (parties granted thirty days to amend pleadings to establish that federal jurisdiction existed); *Kern*, 228 F.2d at 701 (same).

 Because the documents submitted to this court regarding the citizenship of the limited partners create a factual issue

as to the citizenship of at least one of the limited partners, we decline to treat the complaint as amended to properly allege jurisdiction or to allow Barclay Square Properties to amend its complaint on appeal. We cannot determine from the record that the parties are completely diverse and that the district court had subject matter jurisdiction. Therefore, the proper procedure to resolve this factual question is to remand to the district court for an evidentiary hearing, if necessary, on the issue.

## III. CONCLUSION

We remand this action to the district court with instructions to allow Barclay Square Properties to amend its complaint, if possible, to properly allege subject matter jurisdiction and, if necessary, to conduct an evidentiary hearing on the issue of jurisdiction.