**Robert D. JADER, Appellant,**

and

**Saber Systems, Inc.**

v.

**PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, formerly known as The Bankers Life, Appellee.**

No. 90–5008.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1990.

Decided Feb. 4, 1991.

Richard Newgren, Bloomington, Minn., for appellant.

Timothy E. Branson, Minneapolis, Minn., for appellee.

Before McMILLIAN and WOLLMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

Robert D. Jader appeals from an order of the district court granting summary judgment in favor of Principal Mutual Life Insurance Company (Principal) on the ground that Jader's cause of action was preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA). *Jader v. Principal Mut. Life Ins. Co.*, 702 F.Supp. 224 (D.Minn.1989). We vacate the summary judgment and remand.

On August 20, 1985 Jader was injured in an automobile accident. He collected $60,-000.00 to cover medical expenses from American Family, his automobile insurer. He then filed a claim for $59,000.00 with Principal, which insured Jader under a group medical insurance policy purchased by Jader's employer, Saber Systems, Inc.

Principal refused to pay for medical expenses covered by American Family, claiming it need not do so because it had coordinated benefits pursuant to Minn.Stat. § 65B.61, Subd. 3 which provides:

Any legal entity ... may coordinate any benefits it is obligated to pay for loss incurred as a result of injury arising out of the maintenance or use of a motor vehicle with basic economic loss benefits. No entity may coordinate benefits pursuant to this subdivision, unless it provides an appropriately reduced premium rate....

Jader then filed suit in state court seeking $59,000.00 from Principal. Principal removed the suit to federal district court on the ground that the action arose under ERISA in that the claim related to an employee benefit plan. Principal then filed a motion for summary judgment asserting

that the coordination of benefits statute did not create a private right of action. In the alternative, Principal argued that to the extent the statute created a private right of action, the action was preempted by 29 U.S.C. § 1144(a), which provides that ERISA shall "supersede any and all State laws insofar as they ... relate to any employee benefit plan...."

The matter was referred to a magistrate for a recommendation. The magistrate denied the motion, finding that the statute created a private right of action. The magistrate also found that the claim was saved from preemption by ERISA's "saving clause," 29 U.S.C. § 1144(b)(2)(A), which provides "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance...." The magistrate analyzed the statute under *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), and concluded that the coordination of benefits statute regulated insurance.

The district court rejected the magistrate's report. The court did not determine whether the statute created a private right of action, or whether the statute regulated insurance, but held that "[a]ll state causes of action for the recovery of ERISA plan benefits are preempted, whether they are created by state statute or arise under state common law." *Id.* at 226–27 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)).

On appeal Jader asserts that the district court erred in holding that the matter was preempted without consideration of the question whether the coordination of benefits statute regulates insurance within the meaning of the saving clause. Principal responds that Jader has mischaracterized the issue. Principal concedes that the statute regulates insurance, but argues that

the saving clause does not save from preemption a private right of action by an ERISA plan participant. Under Principal's interpretation, "the role of the saving clause would be limited to sparing from preemption substantive insurance laws that could be enforced through some vehicle other than a private cause of action, such as an administrative or judicial enforcement action for declaratory or injunctive relief brought by the state's insurance regulatory authority." *Gonzales v. Prudential Ins. Co.*, 901 F.2d 446, 452 (5th Cir. 1990).

Any court "forced to enter the ERISA preemption thicket sets out on a treacherous path." *Id.* Principal suggests that this court need not enter the "thicket." Principal argues that this court should affirm on the ground that the coordination of benefits statute does not create a private right of action, an issue not addressed by the district court. This court gives great deference to " 'state-law rulings of a federal district court sitting in the state whose law is controlling....' " *Wilson v. Beloit Corp.*, 921 F.2d 765, 767 (8th Cir.1990) (quoting *Economy Fire & Cas. Co. v. Tri–State Ins. Co.*, 827 F.2d 373, 375 (8th Cir. 1987)). " '[W]e will overturn [this] state-law ruling only if the ruling is fundamentally deficient in analysis, without a reasonable basis, or contrary to a reported state-court opinion.' " *Id.* In the absence of the district court's resolution of the question whether the statute creates a private right of action, we are reluctant to rule on the state-law issue.[1] There, however, is another reason we will not address that issue, or the preemption issue, at this time.

On appeal Jader suggests that the district court lacked subject matter jurisdiction, asserting that the plan is not an employee benefit plan within the meaning of

---

**1.** In *Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473 (8th Cir.1990), this court explained that "[a]lthough it is well-settled that we may affirm the District Court's decision on grounds not relied upon by the District Court, '[t]here are situations when we might not affirm on an available theory not addressed by the court below.' " at 476. "Such situations include those where ... we would benefit from having the

District Court decide the issue in the first instance[,]" and in such a circumstance a remand is appropriate. *Id.* at 476. In *Schweiss*, this court remanded so that the district court could address the question whether a state-law claim was preempted by the Labor–Management Relations Act of 1947. We believe this case also justifies a remand.

ERISA because all Saber Systems did was purchase an insurance policy.[2] *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir.1990) (appellant argued that "district court was without jurisdiction because the 'bare purchase' of a group health insurance policy does not establish an employee welfare plan within the contemplation of ERISA").[3] Principal responds that Jader has waived the issue because he did not contest jurisdiction below and notes that the district court expressly stated that Jader did not dispute that the plan was an ERISA plan. *Jader*, 702 F.Supp. at 227.

"Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Prop. v. Midwest Fed. Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1989) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir.1987)). "Lack of jurisdiction of a federal trial court touching the subject matter of litigation cannot be waived by the parties or ignored by a federal appellate court." *Kern v. Standard Oil Co.*, 228 F.2d 699, 701 (8th Cir.1956). Because we cannot determine from the record that the district court had subject matter jurisdiction, we believe that the proper procedure is to remand to the district court for resolution of the issue. *See Barclay Square Prop.*, 893 F.2d at 969–70 (although neither district court nor parties on appeal addressed jurisdictional issue, appellate court remanded to district court for determination where record on appeal was unclear).

If the district court determines that the plan is an ERISA plan,[4] the court should then address the issue of whether the state statute creates a private cause of action.[5]

Therefore, the judgment of the district court is vacated and the cause is remanded for further proceedings consistent with this opinion and without prejudice to such further appeals, if any, as may be perfected.

---

**2.** ERISA defines an "employee welfare benefit plan" as follows:

any plan, fund or program which was ... established or maintained by an employer ... to the extent such plan ... was established or is maintained for the purpose of providing for its participants, ... through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits in the event of sickness, accident, disability [or] death.... 29 U.S.C. § 1002(1).

**3.** In *Memorial Hosp. Sys.*, the court rejected appellant's argument, holding that "[w]hile the bare purchase of an insurance policy may not exclusively establish the existence of an ERISA plan, the evidence here clearly shows [the employer's] intent to provide its employees with a welfare benefit program through the purchase and maintenance of group insurance." 904 F.2d at 241 (citations and footnote omitted).

**4.** The parties do not appeal a later order in which the district court awarded Jader $1440.00 in dental benefits under the plan and attorney's fees and costs. *Jader v. Principal Mut. Life Ins. Co.*, 723 F.Supp. 1338 (D.Minn.1989). If the plan was not an ERISA plan, this order might also be void for lack of subject matter jurisdiction.

**5.** Since this case has been on appeal, the Supreme Court has dealt with ERISA preemption in *FMC v. Holliday Corp.*, —— U.S. ——, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), and *Ingersoll–Rand v. McClendon*, —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). On remand the parties should brief and the district court should address what impact, if any, these cases have on the court's preemption analysis.