Robert D. JADER, Appellant,

v.

PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, formerly known as Bankers Life, Appellee.

No. 91-3357.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1992.

Decided Sept. 17, 1992.

Michael A. Hatch, Minneapolis, Minn., argued (Richard Newgren, Bloomington, Minn., on the brief), for appellant.

Timothy E. Branson, Minneapolis, Minn., argued, for appellee.

Before BEAM, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Robert D. Jader appeals from a judgment of the district court[1] granting summary judgment in favor of Principal Mutual Life Insurance Company (Principal). We affirm.

This case is before us for the second time. The facts are set forth in *Jader v. Principal Mut. Life Ins. Co.*, 925 F.2d 1075 (8th Cir.1991). In brief, Jader was injured in an automobile accident and collected $60,000.00 in medical benefits from American Family, his no-fault automobile insurer. He then filed a claim for $59,000.00 with Principal, which insured Jader under a group medical insurance policy. Principal refused to pay on the ground that American Family had already paid Jader's medical expenses and that it had coordinated benefits with American Family, as state law permitted. Minn Stat. § 65B.61, Subd. 3, provided:

Any legal entity, other than a reparation obligor obligated to pay benefits under a plan of reparation security ..., may coordinate any benefits it is obligated to pay for loss incurred as a result of injury arising out of the maintenance or use of a motor vehicle with basic economic loss benefits. No entity may coordinate benefits pursuant to this subdivision, unless it provides an appropriately reduced premium rate. The amount of

this rate reduction shall not be less than the amount of the projected reduction in benefits and claims for which the entity will be liable on that class of risks, less the additional reasonable expenses incurred to administer the plan coordinating benefits. The projected reduction in benefits and claims shall be based on sound actuarial principles.

Jader filed suit in state court against Principal, alleging that Principal had failed to provide the appropriate premium reduction and therefore was not entitled to coordinate benefits under section 65B.61(3).

Principal removed to federal district court on the ground that the medical policy was covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. (ERISA). Principal then moved for summary judgment, arguing that section 65B.61(3) did not create a private cause of action. In the alternative, Principal argued that any cause of action would be preempted by ERISA. The district court did not address the question whether the statute created a private cause of action, holding that any private action would be preempted by ERISA. *Jader v. Principal Mut. Life Ins. Co.*, 702 F.Supp. 224, 227 (D.Minn.1989).

On appeal this court was reluctant to enter "the ERISA preemption thicket" and remanded for a determination of whether section 65B.61(3) created a private cause of action.[2] *Jader*, 925 F.2d at 1076. On remand the district court refused Jader's request to certify the question of whether section 65B.61(3) created a private cause of action, noting his request came late in the proceedings and that there was sufficient state law to decide the question. In rejecting Jader's argument that the statute created a private cause of action, the court relied on *Morris v. American Family Mut. Ins. Co.*, 386 N.W.2d 233 (Minn.1986), and

---

1. The Honorable Diana Murphy, United States District Judge for the District of Minnesota.

2. In the previous appeal Jader also suggested that the district court lacked jurisdiction because the medical policy was not an ERISA-covered plan. We therefore instructed the dis-

trict court to first determine whether the policy was covered by ERISA. *Jader*, 925 F.2d at 1076–77. On remand the district court found that the policy was an ERISA plan. At oral argument in this appeal Jader conceded that the holding is correct.

*H.J. Inc. v. Northwestern Bell Corp.*, 420 N.W.2d 673 (Minn.Ct.App.1988).

In *Morris*, the state supreme court held that a private party did not have a cause of action against his no-fault insurer under the Unfair Claims Procedures Act, Minn. Stat. § 72A.17. After noting that the language of the act did not provide for an express cause of action, the court rejected the insured's argument that the act created an implied cause of action. The court stated: "To imply a cause of action, we must first examine the consequences of doing so." 386 N.W.2d at 236. Among other things, the court believed that the "statutory scheme seem[ed] ill designed for a private cause of action," and that the "comprehensive scheme of administrative enforcement ... seem[ed] more appropriate to investigating and regulating an insurer's general business practices." *Id.* at 237.

In *H.J. Inc.*, the state appellate court held that telephone customers did not have a private cause of action under a criminal bribery statute to assert that the telephone company had bribed members of the public utilities commission, resulting in the commission setting excessive and void telephone rates. The court also held that the plaintiffs could not maintain an unjust enrichment claim against the telephone company because such a claim would be an impermissible collateral attack on rate-making. The court rejected plaintiffs' argument that they were not attacking the rates, but merely the rate-making procedure. The court reasoned that if plaintiffs were to prevail, they could not "avoid the necessity of having the trial court determine new rates...." [3] 420 N.W.2d at 676.

In this case, as in *Morris*, the district court noted that the no-fault act was part of a comprehensive scheme of insurance regulation which gave broad powers to the Commissioner of Commerce, including the power to set rates and establish trade practices and substantive policy provisions. The court also noted that the act provided civil and criminal penalties for violations. The court concluded that to recognize a private right of action would involve the "courts in the complex business of insurance regulation." The court also believed that to permit a private party to sue an insurer for alleged violations of the act might contravene the act's purpose of preventing double recovery and result in "conflicting determinations regarding whether an insurance provider had complied with the law."

On appeal Jader argues that court erred in holding that section 65B.61(3) did not create a private cause of action. He relies on *Wallace v. Tri–State Ins. Co.*, 302 N.W.2d 337 (Minn.1980). In *Wallace*, an insured sued his no-fault insurer for medical expenses which his health insurer had already paid. The state supreme court permitted recovery. The court held that the language of section 65B.61(3) made clear that a no-fault carrier, as a reparation obligor, was precluded from coordinating benefits. *See* Minn.Stat. § 65B.61(3) ("[a]ny legal entity, other than a reparation obligor ... may coordinate" benefits). The court recognized that its decision appeared to "fly in the face" of the declared purpose of the act to avoid double recovery, but found, on the facts of the case, double recovery was permissible. The court noted that coordination of benefits was permissive and that the health insurer had elected not to coordinate benefits. *Id.* at 340.

We do not believe *Wallace* provides support for Jader's argument that he has an implied cause of action under section 65B.61(3) to sue his health insurer, which had its submitted rates approved as complying with the statute. First, *Wallace* did

---

**3.** In *H.J. Inc. v. Northwestern Bell Tel. Co.*, 954 F.2d 485 (8th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 2306, 119 L.Ed.2d 228 (1992), this court held that the filed rate doctrine barred plaintiffs' claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 (RICO), and that their state law claims were barred by res judicata. In rejecting plaintiffs' argument that the filed rate doctrine

was inapplicable, this court stated "that allowing a private cause of action under RICO would cause a serious disruption of state regulatory policy." *Id.* at 496 (quotation omitted).

In this case, because the district court found that Jader did not have a cause of action under section 65B.61, it did not address Principal's arguments that the filed rate doctrine and abstention also barred the suit.

not decide the issue whether the statute created a private cause of action.[4] Moreover, *Wallace* is the converse of this case. In *Wallace,* a representative of a deceased insured sued a no-fault carrier, which although precluded from coordinating benefits attempted to coordinate with a health insurer, which could have coordinated benefits but chose not to do so.

Reviewing the issue de novo, *see Salve Regina College v. Russell,* — U.S. —, —, 111 S.Ct. 1217, 1221 (1991), we believe that section 65B.61(3) does not allow Jader to maintain an action against his health insurer alleging a failure to comply with the statutory requirements, where that insurer's submitted rates have been approved by the Commissioner as complying with the statute.[5] Although at oral argument Jader asserted he is not attacking the approved rates, we agree with the district court that to allow a suit in this case would necessarily involve the court in the business of rate-making.

Because we hold that Jader did not have a cause of action, we do not decide whether ERISA's federal remedies, 29 U.S.C. § 1132, preempt a private cause of action under section 65B.61(3). We, however, have considered Jader's other arguments raised on appeal and find them to be without merit.

Accordingly, the judgment is affirmed.

---

**4.** Likewise, Jader's reliance on an unpublished state trial court opinion, *O'Hara v. Connecticut Gen. Life Ins. Co.,* Clay County District Court, State of Minnesota, No. C8–87–378 (Mar. 30, 1988), is misplaced. *O'Hara* did not decide the issue of whether section 65B.61(3) created a private cause of action. We also give little weight to Jader's reliance on cases from other jurisdictions. "Statutory provisions as to coordination of other benefits with no-fault insurances vary widely." *Kiefer v. Gen. Cas. Co.,* 381 N.W.2d 205, 207 n. 2 (N.D.1986).

**5.** We express no opinion on whether an insured would have a private cause of action under section 65B.61(3) in other circumstances, such as where an insurer had not submitted rates for approval.