**Robert C. SLYCORD, Plaintiff,**

**v.**

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

No. C 95–4075.

United States District Court,
N.D. Iowa,
Western Division.

March 26, 1996.

Jeffrey A. Neary, O'Brien, Galvin, Moeller, Neary & Flannery, Sioux City, Iowa, for plaintiff Robert Slycord.

Assistant United States Attorney Donna K. Webb, United States Attorney's Office,

Northern District of Iowa, Sioux City, Iowa, for defendant Shirley S. Chater, Commissioner of Social Security.

### MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS

BENNETT, District Judge.

In this social security disability case, plaintiff seeks judicial review of an administrative law judge's ("ALJ") denial of plaintiff's request to reopen determinations of two prior applications for disability on the ground of res judicata. Defendant has moved to dismiss plaintiff's complaint, contending the ALJ's denial of plaintiff's request to reopen a claim for benefits is not a "final decision" within the meaning of 42 U.S.C. § 405(g) and thus the court does not have jurisdiction over the subject matter of plaintiff's complaint. Plaintiff argues the ALJ did not explicitly articulate he was denying plaintiff's request to reopen the determinations of his prior applications for disability on grounds of res judicata. Rather, the ALJ indicated he would not modify the determinations of the prior applications and then proceeded to re-evaluate the onset date of plaintiff's disability. Plaintiff asserts the ALJ's failure to state that plaintiff's applications were dismissed because of res judicata, coupled with his additional determination of the date of onset of plaintiff's disability, constituted a reopening of the determinations of his prior applications on the merits, which is, in turn, an exception to the rule barring review of an ALJ's denial of a claimant's request for reopening an agency determination because of lack of a "final decision."

### I. INTRODUCTION AND BACKGROUND

On December 30, 1982, plaintiff Robert Slycord filed an application for disability and disability insurance benefits. This application was denied on March 28, 1983. On October 23, 1984, Slycord filed another application for benefits, which was also denied on November 20, 1984 ("prior applications").

Slycord filed his current application for disability and disability insurance benefits on September 27, 1991. This application was denied initially, but on reconsideration, Slycord was found disabled with an onset date of May 9, 1985. On May 18, 1992, Slycord filed a request for hearing, seeking an earlier onset date of disability. ALJ Robert H. Burgess ("ALJ Burgess") issued a decision on April 12, 1993, concluding Slycord was disabled as of May 9, 1985 and finding no basis for reopening his two prior applications.

On May 11, 1993, Slycord requested review of ALJ Burgess' decision, citing two reasons for his appeal. First, Slycord sought to amend his onset date of disability from May 9, 1985 to April 1, 1982. In addition, he requested the reopening of the determinations of his prior applications for disability. The Appeals Council granted review, concluding ALJ Burgess did not consider whether Slycord was disabled prior to May 9, 1985. Thus, the Appeals Council remanded the case (1) to enable the ALJ to reconsider Slycord's onset date of disability, and (2) to determine whether the doctrine of res judicata applies, barring reopening of the determinations of Slycord's prior applications.

Pursuant to the Appeals Council's instructions, ALJ Franklin D. Carroll issued a decision on July 22, 1994. In this decision, ALJ Carroll determined Slycord's onset date of disability was November 21, 1984, the day after the determination of his second "prior application." ALJ Carroll also found no basis for reopening Slycord's prior applications, stating that "the ALJ's decision cannot be reviewed or modified." On September 20, 1994, Slycord requested review of ALJ Carroll's decision, and the Appeals Council denied Slycord's request, indicating there was no basis for reopening the determinations of his prior applications.

On July 20, 1995, Slycord filed a complaint in this court, seeking judicial review of the Commissioner's decision not to reopen the determinations of his prior applications for disability and disability insurance benefits. The Commissioner moved to dismiss Slycord's complaint on October 18, 1995, claiming the court lacked jurisdiction to review ALJ Carroll's decision. Slycord resisted this motion on October 31, 1995, contending that ALJ Carroll reopened the determinations of

Slycord's prior applications on the merits by failing to explicitly state he was denying Slycord's request to reopen these determinations under the doctrine of res judicata and by proceeding to re-evaluate the onset date of Slycord's disability in the same decision.

The court heard oral arguments on this motion at Slycord's request on March 14, 1996. At the arguments, Slycord was represented by Jeffrey A. Neary, O'Brien, Galvin, Moeller, Neary & Flannery, Sioux City, Iowa. The Commissioner was represented by Assistant United States Attorney Donna K. Webb of Sioux City, Iowa. Having reviewed the procedural history of this case, the court will discuss the standards for a motion made pursuant to *Fed.R.Civ.P.* 12(b)(1).

## II. LEGAL ANALYSIS

### A. Subject Matter Jurisdiction: Fed.R.Civ.P. 12(b)(1)

The Commissioner has moved to dismiss for lack of subject matter jurisdiction pursuant to *Fed.R.Civ.P.* 12(b)(1). *Fed. R.Civ.P.* 12(b)(1) provides that a party may raise the defense of "lack of jurisdiction over the subject matter" in a motion before answering the complaint filed in any action. The federal district courts have always been courts of limited jurisdiction. *See* U.S. CONST., Art. III, § 1. "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Management Co. v. United States,* 4 F.3d 643, 646 (8th Cir.1993) (citing *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501, *reh'g denied,* 476 U.S. 1132, 106 S.Ct. 2003, 90 L.Ed.2d 682 (1986), citing, in turn, *Marbury v. Madison,* 1 Cranch 137 [5 U.S. 137], 2 L.Ed. 60 (1803)). *See also Neighborhood Transp. Network, Inc. v. Pena,* 42 F.3d 1169, 1171 (8th Cir.1994) (federal court jurisdiction limited by Article III of the Constitution). A federal court therefore has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case. *Bradley v. American Postal Workers Union,*

*AFL–CIO,* 962 F.2d 800, 802 n. 3 (8th Cir. 1992) (citing *Sanders, infra* ); *Thomas v. Basham,* 931 F.2d 521, 523 (8th Cir.1991); *Jader v. Principal Mut. Life Ins. Co.,* 925 F.2d 1075, 1077 (8th Cir.1991); *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n,* 893 F.2d 968, 969 (8th Cir.1990); *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987).

"The parties ... may not confer subject matter jurisdiction upon the federal courts by stipulation, and lack of subject matter jurisdiction cannot be waived by the parties or ignored by the court." *Pacific Nat'l Ins. Co. v. Transport Ins. Co.,* 341 F.2d 514, 516 (8th Cir.), *cert. denied,* 381 U.S. 912, 85 S.Ct. 1536, 14 L.Ed.2d 434 (1965). *See also Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 25, 109 S.Ct. 2273, 2287, 105 L.Ed.2d 1 (1989) (Stevens, J., concurring) ("[T]he cases are legion holding that a party may not waive a defect in subject-matter jurisdiction or invoke federal jurisdiction simply by consent," citing *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 2404 n. 21, 57 L.Ed.2d 274 (1978); *Sosna v. Iowa,* 419 U.S. 393, 398, 95 S.Ct. 553, 556–57, 42 L.Ed.2d 532 (1975); *California v. LaRue,* 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d 342 (1972); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18 & n. 17, 71 S.Ct. 534, 541–42 & n. 17, 95 L.Ed. 702 (1951); *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934); *Jackson v. Ashton,* 8 Pet. 148, 149 [33 U.S. 148, 149] 8 L.Ed. 898 (1834)); *Lawrence County v. South Dakota,* 668 F.2d 27, 29 (8th Cir.1982) ("[F]ederal courts operate within jurisdictional constraints and ... parties by their consent cannot confer subject matter jurisdiction upon the federal courts."). Even where "'the parties did not raise any jurisdictional issues[, t]his court is obligated to raise such jurisdictional issues if it perceives any.'" *White v. Nix,* 43 F.3d 374, 376 (8th Cir.1994) (quoting *Lewis v. United States Farmers Home Admin.,* 992 F.2d 767, 771 (8th Cir.1993)). The federal courts have a duty to examine the substantiality of the federal claim throughout the litigation, and must dismiss all claims if the federal claim proves patently meritless even after the trial

begins. *Pioneer Hi–Bred Int'l v. Holden Found. Seeds, Inc.*, 35 F.3d 1226, 1242 (8th Cir.1994); *Sanders*, 823 F.2d at 216. However, the Eighth Circuit Court of Appeals has very recently cautioned that "subject matter jurisdiction should not be used to dismiss a case containing even a remotely plausible federal claim if the parties and the courts have already made [a] vast expenditure of resources." *Id.* Because jurisdiction is a threshold issue for the court, the district court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.1993) (quoting *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir.1990), which, in turn, quotes *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)), *cert. denied*, —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 371 (1994).

For the court to dismiss for lack of subject matter jurisdiction under *Fed. R.Civ.P.* 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993). The court in *Titus* distinguished between the two kinds of challenges:

> In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731–32 (11th Cir. 1982).

> · · · · · ·

> If the [defendant] wants to make a *factual* attack on the jurisdictional allegations of the complaint, the court may receive

competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947) [footnote omitted]. The proper course is for the defendant to request an evidentiary hearing on the issue. *Osborn [v. United States]*, 918 F.2d [724,] 730 (citing *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir.1986)).

*Id.*

The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under *Fed.R.Civ.P.* 12(b)(1). *Drevlow v. Lutheran Church, Missouri Synod*, 991 F.2d 468, 470 (8th Cir.1993). If material facts are adjudicated by the court in determining its jurisdiction, the appellate court will review the findings of fact for clear error. *Id.* Where the material facts are not in dispute, the appellate court will review the court's determination that it lacks jurisdiction de novo. *Id.* If the court considers matters outside of the pleadings, however, it may not, without notice to the parties, convert a motion to dismiss for lack of subject matter jurisdiction under *Fed.R.Civ.P.* 12(b)(1) into a motion to dismiss for failure to state a claim under *Fed.R.Civ.P.* 12(b)(6), which is subject to summary judgment disposition, because to do so would not allow the parties to respond to the issue the court is weighing for summary judgment. *Layton v. United States*, 919 F.2d 1333, 1334–35 (8th Cir.1990).[1]

In *Osborn v. United States*, 918 F.2d 724 (8th Cir.1990), the Eighth Circuit Court of Appeals presented its most exhaustive discussion of the procedures and requirements

---

1. In *Layton*, the court noted that a 12(b)(1) motion is distinguishable from a 12(b)(6) motion on the ground that the Rules expressly provide that the latter is subject to conversion into a summary judgment motion, while no such provision exists for a 12(b)(1) motion. *Layton*, 919 F.2d at 1335. However, courts have approved such a conversion of a 12(b)(1) motion when appropriate. *Id.* (citing *Less v. Lurie*, 789 F.2d 624, 625 n. 1 (8th Cir.1986)). There is, however, an exception to the notice requirement before the court makes a conversion into a summary judgment motion articulated in *Van Leeuwen v. United States Postal Serv.*, 628 F.2d 1093, 1095 (8th Cir.1980), which requires that if both parties have submitted affidavits and exhibits outside the pleadings which they understand the district court has accepted for consideration, then the non-moving party has notice of the court's intention to treat the motion to dismiss as one for summary judgment. *Id.* (concluding that the court could not invoke the *Van Leeuwen* exception on the basis of a unilateral submission of exhibits by the moving party).

for determination of a 12(b)(1) motion to dismiss.

The district court was correct in recognizing the critical differences between Rule 12(b)(1), which governs challenges to subject matter jurisdiction, and Rule 56, which governs summary judgment. Rule 12 requires that Rule 56 standards be applied to motions to dismiss for failure to state a claim under Rule 12(b)(6) when the court considers matters outside the pleadings. [Citations omitted.] Rule 12 does not prescribe, however, summary judgment treatment for challenges under 12(b)(1) to subject matter jurisdiction where a factual record is developed. Nonetheless, some courts have held that Rule 56 governs a 12(b)(1) motion when the court looks beyond the complaint. We agree, however, with the majority of circuits that have held to the contrary.... [Citations omitted.]

The reason for treating a 12(b)(1) motion differently than a 12(b)(6) motion, which is governed by Rule 56 when matters outside the pleadings are considered, "is rooted in the unique nature of the jurisdictional question." *Williamson [v. Tucker]*, 645 F.2d [404,] 413 [ (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) ]. It is "elementary," the Fourth [sic] Circuit stated, that a district court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Id.* Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide. *Id.* Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, as would occur with denial of a summary judgment motion.

*Osborn*, 918 F.2d at 729.

The *Osborn* court found the distinction between facial and factual attacks on the complaint under 12(b)(1) to be critical. *Id.*

(citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980), and *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)). The court stated that

[i]n the first instance, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). The general rule is that a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards.

*Id.* at 729 n. 6 (citations omitted).[2] A factual challenge to jurisdiction under 12(b)(1) is unique:

[H]ere the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Id.* at 730 (quoting *Mortensen*, 549 F.2d at 891). The *Osborn* court stated that the proper course is for the defendant to request an evidentiary hearing on the issue, and, since no statute or rule prescribes the format of such a hearing, " 'any rational mode of inqui-

---

**2.** The standards for dismissal under Rule 12(b)(6) were recently restated in *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir.1994):

We must construe the allegations in the complaint in the light most favorable to [plaintiff], see [*Concerned Citizens of Neb. v. United States Nuclear Reg. Comm'n*, 970 F.2d 421, 425 (8th

Cir.1992) ], and should not approve dismissal of his complaint for failure to state a claim unless "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

ry will do.'" *Id.* (quoting *Crawford,* 796 F.2d at 929).

Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue. [*Crawford,* 796 F.2d at 929.] The only exception is in instances when the jurisdictional issue is "so bound up with the merits that a full trial on the merits may be necessary to resolve the issue." *Id.*

*Id.*

The Commissioner has moved to dismiss Slycord's complaint on the grounds that there has been no final decision by the Commissioner; however, to make this determination, the court must consider whether ALJ Carroll reopened the determinations of Slycord's prior applications on the merits. This involves an adjudication of the facts in the record; thus, the court construes the Commissioner's motion to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(1) as a factual attack on the jurisdictional allegations of Slycord's complaint. Furthermore, because this is a factual challenge of subject matter jurisdiction pursuant to *Fed.R.Civ.P.* 12(b)(1), the court may consider matters outside the pleadings such as affidavits and the like in order to determine the factual dispute. *See Land,* 330 U.S. at 735 n. 4, 67 S.Ct. at 1011 n. 4. Along with her motion, the Commissioner submitted the "Declaration of Wilbur J. Laub, Chief, Court Case Preparation and Review Branch 1 of the Appellate Operations, Office of Hearings and Appeals, Social Security Administration," attesting to the procedural background of Slycord's case and the procedure for reviewing social security claims in general. In addition, the Commissioner attached various exhibits from the transcript of the record in this case to the memorandum in support of her motion, including both ALJ Burgess and Carroll's decisions and the decisions of the Appeals Council. Thus, the court will consider these documents in determining whether it has jurisdiction over the subject matter of Slycord's complaint.[3] Before proceeding to the disposition of the Commissioner's motion, the court first examines the standard for judicial review of appeals under the Social Security Act.

### B. 42 U.S.C. § 405(g)—Necessity of a "Final Decision"

In *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), the United States Supreme Court described the procedural steps leading up to a district court's review of Social Security appeals as follows:

The initial disability determination is made by a state agency acting under the authority and supervision of the [Commissioner]. 42 U.S.C. § 421(a), 1383b(a); 20 C.F.R. §§ 404.1503, 416.903 (1986). If the state agency denies the disability claim, the claimant may pursue a three-stage administrative review process. First, the determination is reconsidered *de novo* by the state agency. §§ 404.909(a), 416.1409(a). Second, the claimant is entitled to a hearing before an administrative law judge (ALJ) within the Bureau of Hearings and Appeals of the Social Security Administration. 42 U.S.C. §§ 405(b)(1), 1383(c)(1) (1982 ed. and Supp. III); 20 C.F.R. §§ 404.929, 416.1429, 422.201 *et seq.* (1986). Third, the claimant may seek review by the Appeals Council. 20 C.F.R. §§ 404.967 *et seq.,* 416.1467 *et seq.* (1986). Once the claimant has exhausted these administra-

---

**3.** At the hearing on the Commissioner's motion, the court recognized the Commissioner had submitted matters outside the pleadings for the court's consideration. The court asked Slycord's counsel, Jeffrey Neary, if he wished to supplement the record with any additional matters or if he needed additional time to submit additional documents in support of his resistance to the Commissioner's motion. Neary declined the opportunity to take additional time to supplement the record, stating his satisfaction with the record as it existed at the time of the hearing. Thus, because the court gave Neary the opportunity to supplement the record and he declined to submit any additional matters for consideration, the court fulfilled its obligation to provide Slycord with the opportunity to submit additional evidence to support his claim that the court has subject matter jurisdiction over his complaint. *See Osborn,* 918 F.2d at 730 (court has power to evaluate the merits of jurisdictional claims; proper course is for a party to request a evidentiary hearing—as to the format of the hearing, "'any rational mode of inquiry will do'") (quoting *Crawford,* 796 F.2d at 929).

**638**

tive remedies, he may seek review in federal district court.

*Yuckert,* 482 U.S. at 142, 107 S.Ct. at 2291.

▮ Section 1383(c)(3) of Title 42 of the United States Code provides that "(t)he final determination of the [Commissioner] after a hearing ... shall be subject to judicial review as provided in section 405(g) of this title...." In pertinent part, 42 U.S.C. § 405(g) states the following:

Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the [Commissioner] may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing. The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive.... The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions....

42 U.S.C. § 405(g) (Supp.1995). In addition, 42 U.S.C. § 405(h) provides that

[t]he findings and decision of the [Commissioner] after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the [Commissioner] shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the [Commissioner], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (Supp.1995) (emphasis added). Thus, 42 U.S.C. § 405(g) provides

the exclusive method of judicial review of an administrative decision, and a "final decision of the [Commissioner] made after a hearing" is a prerequisite for judicial review of the ALJ's decision. *See Califano v. Sanders,* 430 U.S. 99, 106–07, 97 S.Ct. 980, 984–85, 51 L.Ed.2d 192 (1977) (Administrative Procedure Act does not provide an implied grant of subject matter jurisdiction permitting federal judicial review of agency action); *Mathews v. Eldridge,* 424 U.S. 319, 327, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976) ("42 U.S.C. § 405(h) precludes federal-question jurisdiction in an action challenging denial of claimed benefits[;] [t]he only avenue for judicial review is 42 U.S.C. § 405(g) ...").

▮ In *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that a district court lacks jurisdiction to review a decision of the Commissioner not to reopen a claim of benefits. *Id.* at 107–08, 97 S.Ct. at 984–85. Once a determination of a prior application for disability benefits is made, a subsequent decision not to reopen the same application on the grounds of res judicata is not a "final decision" within the definition of 42 U.S.C. § 405(g). *See Rios v. Secretary of Health, Education and Welfare,* 614 F.2d 25, 26 (1st Cir.1980). The Supreme Court in *Califano v. Sanders* noted that

[i]ndeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the [Commissioner]'s regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [§ 405(g) ], to impose a 60–day limitations upon judicial review of the [Commissioner]'s final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

*Id.* at 108, 97 S.Ct. at 986.

▮ The Eighth Circuit, however, created an exception to this rule barring judicial

review of an agency's decision not to reopen a prior determination of disability. In *Jelinek v. Heckler*, 764 F.2d 507 (8th Cir.1985), if the Commissioner reconsiders the merits of an application previously denied, the matter is considered "reopened" and subject to judicial review. *Id.* at 508; *see also Underwood v. Bowen*, 807 F.2d 141, 143 (8th Cir.1986). Consequently, "the final decision of the [Commissioner] denying such a claim is also subject to judicial review to the extent it has been reopened." *Jelinek*, 764 F.2d at 508.[4]

### C. Disposition of the Commissioner's Motion

The undisputed facts reveal that ALJ Carroll denied Slycord's request to reopen the determinations of his prior applications for social security disability benefits. Therefore, unless the ALJ reconsidered the merits of Slycord's prior applications when he denied the request to reopen, there has been no "final decision" as required by 42 U.S.C. § 405(g). On November 5, 1993, the Appeals Council remanded Slycord's case for two purposes: (1) further consideration of Slycord's onset date of disability; and (2) the applicability of the doctrine of res judicata regarding the reopening of the determinations of Slycord's prior applications. Specifically, the Appeals Council noted that

[t]he issue of "reopening" and the issue of "onset of disability" are two distinct issues in this case. To find the claimant dis-

abled commencing April 1, 1982 or some later date does not necessarily mean having to reopen the prior determinations. Indeed, the same restrictions and criteria pertaining to reopening prior determinations described in the [ALJ]'s decision would apply. However, unless the rules of res judicata apply, an evaluation of the evidence with respect to the claimant's alleged onset date must be undertaken.

Accordingly, the [ALJ] will give further consideration to the period commencing with April 1, 1982, the claimant's alleged onset date. The [ALJ] will determine whether the doctrine of res judicata applies. If not, the [ALJ] will evaluate the period commencing April 1, 1982 pursuant to 20 CFR 404.1520 and make disability findings.

(Tr. 542.). Thus, on remand, if the ALJ found the issue of whether Slycord was disabled from April 1, 1982 through November 20, 1984 had been finally determined on November 20, 1984, the date of determination of the second prior application, that determination could not be reviewed because of res judicata. In other words, if the doctrine of res judicata applied, the ALJ could set the disability date only after November 20, 1984, because consideration of Slycord's disability prior to that date would be reopening the determinations of his prior applications on the merits.

On remand, ALJ Carroll followed the Appeals Council's instructions. At the beginning of his opinion, the ALJ stated the two

---

**4.** In *Califano v. Sanders*, the court also noted a claimant is free to challenge decisions of the Commissioner on constitutional grounds. *Id.* at 109, 97 S.Ct. at 986; *see also Harapat v. Califano*, 598 F.2d 474, 477 n. 3 (8th Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 482, 62 L.Ed.2d 406 (1979). Specifically, the court stated that "when constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the 'extraordinary' step of foreclosing jurisdiction unless Congress' intent to do so is manifested by 'clear and convincing evidence.'" *Id.; see also Boock v. Shalala*, 48 F.3d 348, 352 (8th Cir.1995) (declining to apply the narrow exception for colorable constitutional claims). Subsequent appeals court decisions have narrowed this exception for "constitutional questions," interpreting *Califano v. Sanders* as contemplating constitutional questions dealing primarily with incompetency and lack of counsel. *See Stauffer v. Califa-*

*no*, 693 F.2d 306, 307 (3d Cir.1982) (citing *Parker v. Califano*, 644 F.2d 1199, 1202–03 (6th Cir. 1981); *Shrader v. Harris*, 631 F.2d 297, 299–300 (4th Cir.1980)).

In his resistance brief, Slycord mentions his applications with the Social Security Administration "raised constitutional issues." (Slycord's Brief in Support of Resistance ¶ 3). However, at the hearing, Slycord's counsel candidly acknowledged that he had not alleged specific constitutional questions surrounding Slycord's prior applications and asserted that his argument in resistance to the Commissioner's motion addressed the factual dispute of whether the ALJ reopened the applications on the merits. Thus, because the matters submitted to the court do not reveal a constitutional question and because Slycord has failed to specify any constitutional issues which warrant the invocation of this exception, the court concludes judicial review is not available on this ground.

general issues before him—the same issues articulated by the Appeals Council. He then concluded that "the administrative determinations dated March 28, 1983 and November 29, 1984 in which the Claimant was found not to be disabled are final and may not be disturbed." In addition, in his "findings," the ALJ specifically provided

the issue of whether [Slycord] was disabled at any time between April 1, 1982 and November 20, 1984 was finally determined in the administrative determination dated November 20, 1984 which found that he was not disabled at any time during that period. That determination, at least under the present circumstances of this case, cannot be reviewed or modified.

(Tr. 23). After addressing this first issue as instructed by the Appeals Council, the ALJ proceeded to determine whether Slycord's onset date of disability should be altered, limiting his review to the "period of time for which it ha[d] not been determined whether [Slycord] was disabled ...," namely, from "November 21, 1984—the day after the initial administrative determination on [Slycord]'s most recent prior application—and May 8, 1985, the day before [Slycord]'s disability began as found at the reconsideration level of his present application." (Tr. 21.). Upon hearing evidence regarding Slycord's condition throughout this unadjudicated period, the ALJ found that Slycord became disabled on November 21, 1984.

Slycord contends that because the ALJ did not specifically state his request to reopen the prior applications was denied because of "res judicata," and because the

ALJ did not end his decision after making this determination but rather proceeded to reset the date of disability, the ALJ reopened the determinations of his prior applications on the merits. In evaluating the Commissioner's factual challenge to the court's jurisdiction over the subject matter of Slycord's complaint, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case ..., and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn,* 918 F.2d at 730 (quoting *Mortensen,* 549 F.2d at 891). Although the ALJ did not specifically use the words "res judicata," he used synonymous language, finding the determinations made on March 28, 1983 and November 29, 1984 regarding Slycord's prior applications were "final" and could not be disturbed. The ALJ separated his decision into an evaluation of the two issues as instructed by the Appeals Council. Once he decided he could not reopen the two prior applications in question, he proceeded to the next issue—the determination of the onset of Slycord's disability, dealing strictly with an unadjudicated period of time. Nothing in the matters presented to the court indicates the ALJ reopened Slycord's prior applications on the merits.[5] Thus, there is no "final decision" of the Commissioner pursuant to 42 U.S.C. § 405(g), and plaintiff has not met his burden of proving the court's jurisdiction over the subject matter of his complaint. Although well-established precedent precludes granting plaintiff Slycord relief, the court appreciates the efforts and zeal of plaintiff's counsel in pursuing this action.

---

5. The Eighth Circuit has declined to invoke the *Jelinek* exception in cases where the ALJ expressly stated he was not reopening an earlier decision, where the ALJ considered evidence from earlier applications, and where the ALJ reviewed the medical history of the claimant. *See e.g., Hardy v. Chater,* 64 F.3d 405, 407 (8th Cir.1995) (no de facto reopening of prior determination where the ALJ expressly stated he was not reopening the earlier decision and then made an independent finding concerning a different disability period based upon a different administrative record); *Burks–Marshall v. Shalala,* 7 F.3d 1346, 1348 (8th Cir.1993) (mere allowance of evidence from earlier applications, without more, is not considered a reopening of an earlier determination); *Robertson v. Sullivan,* 979 F.2d 623, 625 (8th Cir.1992) (review of claimant's medical

history does not constitute reopening on the merits of an earlier application; such a review of medical facts may be necessary simply to " 'assess rationally the question at issue, i.e., whether [the claimant] was disabled at the [relevant] time.' ") (quoting *Rohrich v. Bowen,* 796 F.2d 1030, 1031 (8th Cir.1986)). In *Underwood v. Bowen,* the Eighth Circuit found the district court's review of an ALJ's decision was limited to the plaintiff's claim of disability for the period after the date of the reconsideration determination of her first application, where the ALJ explicitly noted the reconsideration determination was a final decision and only reviewed evidence accompanying her first application for resolution of the reopening issue. *See Underwood v. Bowen,* 807 F.2d 141, 143 (8th Cir.1986).

### III. CONCLUSION

Based on a review of the record, the court concludes the Commissioner's motion to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(1) is a factual attack on the jurisdictional allegations of Slycord's complaint. In his decision, the ALJ denied Slycord's request to reopen the determinations of his prior applications for disability, finding the decisions were final and not subject to judicial review. An ALJ's denial of a request to reopen a claim is not a "final decision" of the Commissioner pursuant to 42 U.S.C. § 405(g), unless a claimant can show that in denying the claimant's request, the ALJ reopened the case on its merits. Upon reviewing the matters submitted outside the pleadings, the court finds Slycord failed to make such a showing. Without a final decision of the Commissioner, under 42 U.S.C. § 405(g) and (h), Slycord's complaint is not subject to judicial review. Therefore, the court concludes Slycord has failed to meet his burden of proving the court has subject matter jurisdiction over his complaint and grants the Commissioner's motion to dismiss Slycord's complaint.

**IT IS SO ORDERED.**