# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3088

_____

Federal Home Loan Mortgage Corporation

*Plaintiff - Appellee*

v.

Jason G. Grantz; John Doe

*Defendant*s

Mary Roe, also known as Jacqueline Grantz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 30, 2013
Filed: July 3, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Federal Home Loan Mortgage Corporation (Freddie Mac) filed this Minnesota eviction action against Mary Roe in state court. Roe removed the case to federal

district court[1] and now appeals the district court order remanding the case to state court.  We affirm.

Freddie Mac acquired a single family home in Carver County, Minnesota following a foreclosure by advertisement, sheriff's sale, and expiration of the redemption period.  When Roe, the wife of the home's prior owner, continued to occupy the property, Freddie Mac filed this eviction action in state court.  Roe removed the case to federal district court, and Freddie Mac filed an unopposed motion to remand it to state court.  The motion was referred to Chief Magistrate Judge Arthur J. Boylan.  Without addressing jurisdiction, the magistrate judge decided on September 12, 2013 that abstention was appropriate under Burford v. Sun Oil Co., 319 U.S. 315, 317–34 (1943), and issued a remand order.  Roe objected, but the order was adopted by the district court.  Roe appeals the remand order but has not asked for a stay pending appeal.  On remand the state district court entered a judgment of eviction against Roe and issued a writ of recovery and order to vacate.  The Carver County sheriff went to the home on November 30, 2013 to execute the order to vacate, but Roe had already abandoned it.

Federal appellate courts have jurisdiction to review abstention based remand orders.  Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711 (1996).  We review a district court's abstention decision for abuse of discretion.  Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004).

Roe argues that the district court erred by not determining jurisdiction before deciding to abstain.  Because the issue of federal jurisdiction cannot be waived, see Jader v. Principal Mut. Life Ins. Co., 925 F.2d 1075, 1077 (8th Cir. 1991), Roe may raise this argument now even though she did not oppose Freddie Mac's motion for

---

[1]The Honorable Patrick J. Schiltz, United States District Court for the  District of Minnesota.

remand. Moreover, Freddie Mac's charter plainly states that federal district courts shall have jurisdiction over any civil action to which Freddie Mac is a party and that such actions arise "under the laws of the United States." 12 U.S.C. § 1452(f). Freddie Mac is the plaintiff in this civil eviction action, and there is enough evidence in this record to determine that the district court has federal question jurisdiction over this case. See Jader, 925 F.2d at 1077.

A question has also been raised whether the district court erred by abstaining from asserting jurisdiction over the case. Although a federal court's duty to exercise the jurisdiction given it is "virtually unflagging," Barzilay v. Barzilay, 536 F.3d 844, 849 (8th Cir. 2008) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)), it may abstain in "exceptional circumstances" where doing so "would clearly serve an important countervailing interest." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (internal quotation marks omitted). Under Burford, such circumstances arise where "exercise of federal review of the question in a case . . . would . . . disrupt[] . . . state efforts to establish a coherent policy with respect to a matter of substantial public concern." Colo. River, 424 U.S. at 814.

Freddie Mac provides considerable evidence in support of its view that evictions are a matter of substantial public concern for which Minnesota has created a unique and coherent policy which federal courts are not equipped to implement. It nevertheless fails to address an important limit which the Supreme Court has placed on its abstention doctrines. Federal courts may abstain from asserting jurisdiction "only where the relief being sought is equitable or otherwise discretionary." Quackenbush, 517 U.S. at 731; see also Casey v. F.D.I.C., 583 F.3d 586, 592 (8th Cir. 2009).

We decline to decide this case on the merits, however, because we conclude it is moot. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Chafin v. Chafin, 133 S. Ct. 1017,

-3-

1023 (2013) (internal quotation marks omitted). Issues are not "live" when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." Id. (internal quotation marks omitted).

An appeal of a federal district court order does not vacate that order, and so a state court may decide a case remanded from federal court even if the remand order is being appealed. See Fosdick v. Dunwoody, 420 F.2d 1140, 1141 n.1 (1st Cir. 1970). Following the federal remand of this removed case, the state court reasserted jurisdiction and entered judgment for Freddie Mac. Roe could have asked for a stay of the remand order pending her appeal, see Chestnut v. People of State of New York, 86 S. Ct. 940 (1965), but did not. Roe did appeal the state eviction judgment to the Minnesota Court of Appeals, and the question of relief now rests with it. Because it would not be possible to grant relief to Roe at this time, we conclude there are no longer any "live" issues in this appeal. See Chafin, 133 S. Ct. at 1023.

We therefore affirm the judgment of the district court on mootness grounds.

_____